CITY OF NEW ORLEANS *v.* SAMUEL LOCKE.

On the trial below, after the evidence had been closed, and the plaintiff's counsel had opened his cause, and during the argument of defendant's counsel, the Judge, *a quo*, permitted the correction of a clerical error to be made in the certificate of the ordinance introduced in evidence by the plaintiff. *Held:* That it was a matter which peculiarly pertained to his discretion, in the exercise of which it does not appear that any principle of law has been violated.

In creating the office of Recorder, the framers of the Constitution evidently intended to place it on the same footing as that of the other Justices of the Peace in the State, so far as to make them a component part of our judiciary department.

APPEAL from the Fifth District Court of New Orleans, *Augustin* J. *Labatt* and *Eustis*, for plaintiff. *J. A. Breaux*, for defendant and appellant.

VOORHIES, J. (MERRICK, C. J, took no part in the decision of this case.) This is an action for the recovery of municipal taxes alleged to be due by the defendant, who is appellant from a judgment rendered thereon against him.

The action is resisted on various grounds. It is objected by the appellant that none of the formalities prescribed by the Act of the 20th of March, 1850, under which the taxes in question are alleged to have been assessed, has ever been fulfilled. The assessment on the contrary, appears to have been made under the provisions of an Act entitled, "An Act to consolidate the city of New Orleans, and provide for the government and administration of its affairs," approved the 23d of February, 1852, the 35th section of which forms the basis of the present action. The same question presented here by the appellant's counsel, also arose in the case of the city against *Solomon*, lately decided by us, in which we held, after mature consideration, that the provisions of the Act of 1850, in relation to the manner of preparing and publishing the budget of the receipts and expenditures of the city, and establishing the formalities precedent to taxation, were irreconcileable with those of the Act of consolidation and consequently repealed on that subject. See Ante p.

The record presents several bills of exception taken by the appellant's counsel.

On the trial below, after the evidence had been closed, and the plaintiff's counsel had opened his cause, and during the argument of the defendant's counsel, the Judge, *a quo*, permitted the correction of a clerical error to be made in the certificate of the ordinance introduced in evidence by the plaintiff. We do not think the Judge erred; it was a matter which peculiarly pertained to his discretion, in the exercise of which it does not appear that any principle of law has been violated.

In the case of *Toulman* v. *Elliott*, 15 L. R. 229, Judge Martin, as the organ of the court, said : "It is true the Code of Practice, Article 484, says, 'after all incidental questions are decided, and both parties produced their evidence, the argument commences, and no witness or proof can be introduced without the consent of all parties.' The object of this is clearly to induce parties to present at once all their evidence, by depriving them of the means of eking it out by interrupting the argument for the introduction of the same or other witnesses, or of documents."

"In the case of *Richardson* v. *Debuys & Longer*, 4 N. S. 127, we held that the Judge, *a quo*, correctly overruled the opposition of the defendant to the admission of a witness offered by the plaintiff, after the parties had closed their evidence, and the arguments had commenced; being of opinion it is within the discretion of the court to permit a witness to be sworn, even at that period of the trial."

The objection to the introduction of the testimony of witnesses to prove the correctness of the tax bills, authenticated by the signatures of the Comptroller and Treasurer of the city, appears to us immaterial, inasmuch as the assessment rolls from which they were extracted were also in evidence.

The objection to the introduction of the assessment roll of the Fourth Representative District, on the alleged ground that it was not made and published in accordance with law, goes more properly to its effect than to its admissibility.

The defendant also excepted to the introduction of the tax rolls, on the ground that the same did not appear to have been sworn to or certified by affidavit before any Justice of the Peace, as required by the sections 27 and 28th of the Act of the 21st of March, 1850.

It is urged by the appellant that the Recorder was incompetent to administer the oath to the assessors required by this Act, as he is not a Justice of the Peace in the general sense of the term, but merely *ex officio* such, for certain specified purposes.

In creating the office, we think the framers of the Constitution evidently intended to place it on the same footing as that of the other Justices of the Peace in the State, so far as to make them a component part of our judiciary department. The Article 124 provides, that "the Mayor, Recorders, Aldermen, and Assistant Aldermen, shall be commissioned by the Governor as Justices of the Peace, and the Legislature may vest in them such criminal jurisdiction as may be necessary for the punishment of minor crimes and offences, and as the police and good order of said city may require." The language of this Article appears to be too clear to us to admit of any such construction as that contended for by the appellant. See also Art. 61.

We do not think the Judge, *a quo*, erred in overruling the defendant's objection to the introduction of the testimony of *Recorder Ramos*, and *Pellerin*, one of the assessors, for the purpose of showing that the assessment roll of 1853, of the Fourth Representative District, was duly sworn to before Mr. *Ramos*, as Recorder, whose signature was omitted, and permitting the signature of said *Ramos* to be affixed thereto, *nunc pro tunc*.

The assessment roll of the Fifth Representative District for the year 1853, being exhibited to *Pellerin*, he testifies that it was sworn to by him before Mr. *Ramos*, as Recorder, who, he supposes, forgot to affix his signature thereto; that three copies of each roll, one for the State, one for the city, and one for the State tax collector, were signed and sworn to by him, by taking only one oath.

After a careful perusal of the evidence on the merits, it does not appear to us, that there is any error in the judgment of the court below.

It is, therefore, ordered and decreed, that said judgment be affirmed with costs.